**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEBRASKA**

**OMAHA DIVISION**

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; and FURQAT MUKUMOV,<br><br>Defendants | ) | **UBER TECHNOLOGIES, INC. AND RASIER, LLC'S NOTICE OF REMOVAL**<br><br>Case No. __________<br><br>State Court Case No. CI-26-6951, Douglas County District Court |

Uber Technologies, Inc. ("UTI") and Rasier, LLC (collectively, "Defendants" or "Uber"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants in the civil action filed and pending in the District Court of Douglas County, Nebraska, captioned *Jane Doe v. Uber Technologies, Inc., Rasier, LLC, and Furqat Mukumov*, Case No. CI-26-6951 ("Douglas County Action"), hereby remove the Douglas County Action to the United States District Court for the District of Nebraska, Omaha Division. In support of this Notice of Removal, Uber states as follows:

**BACKGROUND: STATE COURT ACTION**

**1.** On August 6, 2026, Plaintiff Jane Doe commenced the Douglas County Action. *See* Complaint (Exhibit A). In the Complaint, Plaintiff alleges that, on February 14, 2026, she was sexually assaulted by Defendant Mukumov, an

independent driver, following a ride facilitated through the Uber platform. *See* Complaint ¶¶ 1–2, 22–29.

**2.** UTI and Rasier were served with the Complaint on August 13, 2026. As-served copies of the Summonses and Complaint are attached as Exhibit A.

**3.** On information and belief, Defendant Mukumov has not been served with the Complaint. No service return has been filed on the docket in the Douglas County Action. Mukumov was charged with first degree sexual assault, in violation of Nebraska Revised Statutes § 28-319(a), a Class II felony, in the County Court of Douglas County, Nebraska, and a warrant was issued for his arrest on May 20, 2026. *See State of Nebraska v. Furqat Mukumov*, Case No. CR 26-8238 (Douglas Cty. Dist. Ct.) ("Mukumov Criminal Case"). The docket in the Mukumov Criminal Case does not indicate that he has been arrested or any further proceedings have occurred, supporting the inference that his whereabouts are unknown and he has not been served with the Complaint in the Douglas County Action.

**4.** To date, neither UTI nor Rasier have filed an Answer in the Douglas County Action.

## VENUE

**5.** Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Accordingly, venue is proper in the United States District Court for the District of Nebraska, Omaha Division, because the action was filed in the District Court of Douglas County, Nebraska, which lies within the District.

## JURISDICTION

**6.** 28 U.S.C. § 1332(a) and (a)(3) provide: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … (3)citizens of different States and in which citizens or subjects of a foreign state are additional parties." *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("28 U.S.C. § 1332(a)(3) … confers jurisdiction in the District Court when a citizen of one State sues both aliens and citizens of a State (or States) different from the plaintiff's. In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."); *Argo Glob. Special Situations Fund v. Wells Fargo Bank, N.A.*, 810 F. Supp. 2d 906, 909 (D. Minn. 2011) (explaining that jurisdiction exists under 28 U.S.C. § 1332(a)(3) where "where there is a U.S. citizen on each side and from different States, plus foreign parties on either or both sides").

**7.** The party invoking alienage jurisdiction need only allege that the parties are citizens or subjects of a foreign country, the specific country need not be identified. *Hennessy v. Richardson Drug Co.*, 189 U.S. 25, 34 (1903); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 627 (7th Cir. 1998) (diversity

statute does not require that pleadings identify foreign state where alien claims citizenship); *Zenith Elecs. Corp. v. Kimball Int'l Mfg., Inc.*, 114 F. Supp. 2d 764, 771 (N.D. Ill. 2000) ("[T]he actual citizenship of the alien parties is irrelevant to the jurisdictional analysis."); *Cf. Dresser Indus. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 500 (3d Cir. 1997) ("For diversity purposes, an alien is an alien is an alien."). Specific allegations of citizenship are generally only required to establish a party's U.S. state citizenship or whether a party is a foreign or U.S. citizen, as that can be necessary to establish jurisdiction under Section 1332(a)—not the specific foreign citizenship of an alien. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation" that jurisdictional requirements are satisfied, akin to Federal Rule of Civil Procedure 8(a)).[1]

[1] In the context of determining U.S. state citizenship and the citizenship of a limited liability company, which takes on the citizenship of all of its members, the Eighth Circuit has said that "the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). But the reasoning for this proposition does not support its extension to the context of the specific citizenship of an alien because, so long as a party is not a U.S. citizen, the specific country of citizenship is irrelevant. This is especially true in light of the Supreme Court's subsequent holding in *Dart*, 574 U.S. 81, that a notice of removal need only include plausible allegations to support jurisdiction, akin to the pleading standard in Rule 8(a).

***Complete Diversity Exists Between the Plaintiff and Uber.***

**8.** Complete diversity exists where "each [properly named] defendant is a citizen of a different State from each plaintiff." *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

**9.** Plaintiff's Complaint admits that Plaintiff Jane Doe is domiciled in and is a citizen of Nebraska. *See* Compl. ¶ 7.

**10.** A corporation, such as UTI, is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (observing that "principal place of business" is often a "corporation's 'nerve center'" and is "normally … the place where the corporation maintains its headquarters"). UTI is incorporated in Delaware, with its principal place of business and headquarters at 1725 3rd Street, San Francisco, California 94158. Accordingly, for purposes of federal diversity jurisdiction, UTI is a citizen of both Delaware and California.

**11.** Rasier is a limited liability company whose sole member is UTI. The citizenship of a limited liability company (LLC) is determined by the citizenship of each of its members. *See, e.g.*, *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023); *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Because UTI is a citizen of Delaware and California, Rasier is likewise a citizen of Delaware and California.

**12.** Based on the foregoing, complete diversity exists between Plaintiff Jane Doe, who admits she is a citizen of Nebraska, and Defendants UTI and Rasier, LLC, who are citizens of California and Delaware.

***Defendant Furqat Mukumov is an Additional Party and a Citizen or Subject of a Foreign State.***

**13.** As a co-defendant with UTI and Rasier, Defendant Mukumov is an "additional party" for purposes of 28 U.S.C. § 1332(a)(3).

**14.** On information and belief, Defendant Mukumov is a citizen or subject of a foreign state/country lawfully present in the United States, and not a United States citizen, and therefore is not a citizen of Nebraska for purposes of diversity jurisdiction. *Newman-Green, Inc.*, 490 U.S. at 828 ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."); *see also Ag Navigator, LLC v. Top Gun Ag LLC*, 2020 WL 4435426, at *2 (D. Neb. Aug. 3, 2020) (Rossiter, J.) (favorably citing Ninth Circuit case "allowing parties to plead jurisdictional requirements on information and belief" (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014))); *Carolina Cas. Ins. Co.*, 741 F.3d at 1087 (holding, in case where party asserting jurisdiction "made a showing that at least some of the information necessary to establish the diversity of the parties' citizenship was within the [other parties'] control," that the party "should have been permitted to plead its allegations on the basis of information and belief"). Moreover, the

information set forth herein supports a reasonable inference that Mukumov is not a U.S. citizen. *See Dart*, 574 U.S. at 89.

**15.** Publicly available social media indicates that Defendant Mukumov was born in Dushanbe, Tajikistan and was residing outside the United States before approximately 2019 or 2020.

**16.** Additionally, a comprehensive background report of public records regarding Defendant Mukumov also identifies no U.S. addresses, driver's licenses, vehicle registrations, or vehicle titles associated with Mukumov before December 2020.

**17.** A search of the State of Nebraska's Voter Information Lookup website shows no voter registration for Defendant Mukumov in Douglas County, Nebraska, where his listed address is located. *See* www.votercheck.necvr.ne.gov.[2]

**18.** Defendant Mukumov has not been located or arrested despite an arrest warrant and 50-state extradition request issued approximately three months ago, and his current whereabouts are unknown. Considered together with the information set forth above regarding Mukumov's ties to Tajikistan and relatively recent presence in the United States, these circumstances further support Defendants' information-

[2] *See* Neb. Sec. of State, *Nebraska Voter Registration Background*, https://sos.nebraska.gov/elections/nebraska-voter-registration-background (explaining that the first question on the voter registration form is "if the applicant is a United States citizen"); 18 U.S.C. § 611 (criminal prohibition on voting by aliens/non-citizens in federal elections); Neb. Rev. Stat. § 32-1530 (criminal prohibition on voting by non-citizens); Neb. Sec. of State, www.sos.nebraska.gov (Nebraska Secretary of State's website linking to the state's Nebraska's Voter Information Lookup website under "Elections" and "Voters" menu options).

and-belief allegation that Mukumov is not a U.S. citizen. *See* Mukumov Criminal Case (May 20, 2026); *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) ("It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or … at the time of removal.").

**19.** The fact that Defendant Mukumov holds a Nebraska driver's license and has a Social Security Number does not establish that he is a U.S. citizen. Neither a Nebraska driver's license nor a Social Security Number constitutes proof of U.S. citizenship.

**20.** In the Complaint, Plaintiff alleges that, "[u]pon information and belief, at the time this action is commenced, Mukumov is domiciled in Nebraska and is a citizen of Nebraska" because "[a]vailable records identify Mukumov as maintaining a Douglas County residence, holding a Nebraska driver's license, registering the subject vehicle in Nebraska, and driving for Uber in Nebraska." Complaint ¶ 10. None of these alleged facts establishes that Mukumov is a United States citizen, a prerequisite to being a citizen of Nebraska for purposes of diversity jurisdiction. *See Newman-Green, Inc.*, 490 U.S. at 828 ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State.").

**21.** On information and belief, government records would provide definitive evidence regarding Defendant Mukumov's citizenship status, but such records cannot

be obtained by Uber without a subpoena and/or court order. *See, e.g.*, 5 U.S.C. § 552a(12).[3]

**22.** Based on the foregoing, jurisdiction exists under 28 U.S.C. § 1332(a)(3) because there is complete diversity of citizenship between Plaintiff Jane Doe and Defendants Uber and Rasier, and Defendant Mukumov is an additional party who is a citizen or subject of a foreign state/country.

***The Amount in Controversy Exceeds the Jurisdictional Threshold.***

**23.** A notice of removal under 28 U.S.C. § 1446(a) need only plausibly allege that the amount in controversy exceeds the jurisdictional threshold. *See Dart*, 574 U.S. at 89. At the removal stage, a defendant's good-faith assertion that the jurisdictional minimum is satisfied is sufficient. *Id.* The amount in controversy is satisfied where "'a fact finder might legally conclude' that 'the damages are greater than the requisite amount.'" *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020); *see also Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911–12 (10th Cir. 2016)

[3] "A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). In the event the Court requests evidentiary support or Plaintiff files a motion to remand, Uber requests jurisdictional discovery to obtain further evidence supporting the plausible allegations herein that Defendant Murukov is not a U.S. and Nebraska citizen. *See id.* (vacating order remanding to state court after denial of jurisdictional discovery); *Twin Med, LLC v. Skyline Healthcare, LLC*, 2020 WL 13179947, at *2 (E.D. Ark. Mar. 19, 2020) ("The Court of Appeals for the Eighth Circuit has found jurisdictional discovery to be appropriate when facts necessary to resolve a dispute over jurisdiction are unknown or disputed." (citing cases)).

(Gorsuch, J.) ("As historically used, the term in controversy has never required a party seeking to invoke federal jurisdiction to show that damages '*are* greater' or will *likely* prove greater 'than the requisite amount' specified by statute. … For the question at this stage in the proceedings isn't what damages the plaintiff will *likely* prove but what a factfinder *might* conceivably lawfully award.").

**24.** The injuries alleged in the Complaint further suggest that the potential legally permissible damages far exceed the jurisdictional threshold. Plaintiff alleges that she was raped by Defendant Mukumov. *See* Complaint ¶¶ 1–2, 22–28. She alleges that, as a result of the sexual assault, she "has suffered and will continue to suffer medical and mental-health expenses, physical pain, mental suffering, emotional distress, anxiety, humiliation, shame, loss of enjoyment of life, and other compensatory damages recoverable under Nebraska law." Complaint ¶ 71; *see also id.* ¶¶ 39–40 (alleging "***severe*** physical, emotional, psychological, dignitary, and economic injuries" (emphasis added)). While Uber denies that it is liable for Plaintiff's injuries allegedly caused by Mukumov, the severity of the alleged assault and the nature of the damages claimed, including the non-economic damages entrusted to a jury's discretion within the outer bounds of "reasonableness," show that a jury "might legally conclude' that 'the damages are greater than" $75,000. *Turntine*, 959 F.3d 873, 881 (8th Cir. 2020); *see also Gourley ex rel. Gourley v. Nebraska Methodist Health Sys., Inc.*, 663 N.W.2d 43, 81 (Neb. 2003) (Gerrard, J., concurring) (noting the view that "unbridled noneconomic damages … are based on highly subjective perceptions and resist actuarial prediction"); *Dean v. State*, 849

N.W.2d 138, 150 (Neb. 2014) ("Generally, damages recoverable in personal injury actions include both economic and noneconomic damages. Economic damages include lost wages, impairment of earning capacity, and the reasonable value of medical services necessitated by the injury. Noneconomic damages compensate the injured person for physical pain and mental suffering.").

**25.** These potential damages, taken together, demonstrate that the amount in controversy exceeds the jurisdictional threshold of $75,000.

***No Defendant Properly Joined and Served Defendant is a Citizen of Nebraska, the State in which the Action is Brought.***

**26.** As set forth above, Uber and Rasier are citizens of Delaware and California. *See supra* ¶¶ 8–12. Defendant Mukumov is a citizen or subject of a foreign state/country. *See supra* ¶¶ 13–25. Therefore, no "part[y] in interest properly joined and served as [a] defendant[] is a citizen of the State in which such action is brought," and 28 U.S.C. § 1441(b)(2) is no impediment to removal in this case.

## PROCEDURAL REQUIREMENTS

***The Notice of Removal is Timely.***

**27.** In relevant part, 28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

**28.** UTI and Rasier were served with the Complaint on August 13, 2026. Because this Notice of Removal is filed on, or prior to, September 13, 2026, 30 days

after UTI and Rasier were served with the Complaint, removal is timely under 28 U.S.C. § 1446(b)(1). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[W]e hold that a named defendant's time to remove [under 28 U.S.C. § 1446(b)(1)] is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

***All State Court Materials are Appended to the Notice of Removal.***

**29.** 28 U.S.C. § 1446(a) requires that, along with the Notice of Removal, the following be appended: "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Uber has complied with this requirement, as reflected in the attached Exhibit A.

***Notice Will be Provided to Plaintiffs and the Clerk of the Douglas County District Court.***

**30.** 28 U.S.C. § 1446(d) provides, in relevant part, that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court." Accordingly, in compliance with § 1446(d), Uber will promptly file the Notice of Removal with the clerk of the Douglas County District Court and provide written notice to Plaintiff.

* * * * *

Defendants UTI and Rasier respectfully remove the civil action filed and pending in the District Court of Douglas County, Nebraska, captioned *Jane Doe v. Uber Technologies, Inc., Rasier, LLC, and Furqat Mukumov*, Case No. CI-26-6951, to the United States District Court for the District of Nebraska, Omaha Division.

Date: September 1, 2026

Respectfully Submitted,

**SHOOK, HARDY & BACON, L.L.P.**

By: */s/ Daniel E. Cummings*

Daniel E. Cummings (Bar No. 26020)
**SHOOK, HARDY & BACON, L.L.P.**
2555 Grand Blvd.
Kansas City, MO, 64108
decummings@shb.com
Tel.: 816-474-6550
Fax: 816-421-5547

*Attorney for Defendants*
*Uber Technologies, Inc.*
*and Rasier, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 1, 2026, the foregoing Notice of Removal was served on the foregoing parties by first-class mail, commercial deliver service, or electronic mail:

Christopher P. Welsh (#22279)
Joel J. Fulton (#25237)
**WELSH & WELSH, PC, LLO**
9290 West Dodge Road
204 The Mark
Omaha, Nebraska 68114
cwelsh@welsh-law.com
joel@welsh-law.com
Tel.: 402-384-8160

*Attorneys for Plaintiff*

Furqat Mukumov
*Last Known Address:*
11738 Burt St., Apt. Y14
Omaha, NE 68154

*Defendant*