# Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/13/2026
CT Log Number 553061707

## Service of Process Transmittal Summary

**TO:** Gabriela Lopez, Paralegal
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** **Process Served in Nebraska**

**FOR:** UBER TECHNOLOGIES, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Jane Doe // To: UBER TECHNOLOGIES, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment, Complaint And Jury Demand |
| **COURT/AGENCY:** | Douglas County District Court of Nebraska, NE<br>Case # CI266951 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 02/14/2026 |
| **PROCESS SERVED ON:** | C T Corporation System, Lincoln, NE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/13/2026 postmarked on 08/10/2026 |
| **JURISDICTION SERVED:** | Nebraska |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service of the complaint/petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Christopher P. Welsh<br>WELSH & WELSH, PC, LLO<br>9290 W Dodge Road<br>Suite 204 The Mark<br>Omaha, NE 68114<br>402-384-8160 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/14/2026, Expected Purge Date: 08/19/2026<br><br>Image SOP<br><br>Email Notification, Gabriela Lopez intake@uber.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>5601 South 59th Street<br>Lincoln, NE 68516<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL®

OMAHA NE 680

11 AUG 2026PM 1 L

PITNEY BOWES
$1.07 0
US POSTAGE
FIRST-CLASS
028W0002311068
2000195075
ZIP 68114
AUG 10 2026

PITNEY BOWES
$8.75 0
US POSTAGE
CORRECTION
028W0002311068
2000195075
ZIP 68114
AUG 10 2026

68516-

Christopher P. Welsh
Welsh & Welsh P.C., L.L.O.
9290 W Dodge Road
Suite 204 The mark
Omaha, NE 68114

9314 8699 0430 0153 9629 90

RETURN RECEIPT (ELECTRONIC)

Total Postage: $9.82

Uber Technologies, Inc
CT Corporation System R/A
5601 South 59th Street
Lincoln, NE 68516

Reference Number: Doe

Image ID: D01063312D01

**SUMMONS**

Doc. No. 1063312

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Jane Doe v. Uber Technologies, Inc

Case ID: CI 26 6951

TO: Uber Technologies, Inc

You have been sued by the following plaintiff(s):

Jane Doe

Plaintiff's Attorney: Christopher P Welsh
Address: 9290 W Dodge Rd
Omaha, NE 68114

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 7, 2026 BY THE COURT: Crystal Rhoades
Clerk

FOURTH DISTRICT COURT ★ DOUGLAS COUNTY, NEBRASKA ★

Image ID:
D01063312D01

# SUMMONS

Doc. No. 1063312

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Uber Technologies, Inc
CT Corporation System R/A
5601 South 59th Street
Lincoln, NE 68516

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

# REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Case ID: D 1 CI 26 6951

Jane Doe v. Uber Technologies, Inc

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐ My email address where I will receive notices from the court for this case is:

______________________________________________

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐ I do not have the ability to receive emails. The reason I cannot receive email is:

______________________________________________

______________________________________________

______________________________________________

| | |
|---|---|
| Signature | Date |
| Name | Street Address/P.O. Box |
| Phone | City/State/ZIP Code |

**This form must not be used as an answer in a civil proceeding.**

**This form must be filed in addition to any other pleading.**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI260006951
Transaction ID: 0025404082
Filing Date: 08/06/2026 04:00:51 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; and FURQAT MUKUMOV,<br><br>Defendants. | ) | CASE NO. CI 26 -<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Jane Doe, by and through her undersigned counsel, and for her Complaint against Defendants Uber Technologies, Inc., Rasier, LLC, and Furqat Mukumov, states and alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil action arising from a sexual assault committed against Plaintiff during an UberX ride in Omaha, Nebraska, during the early morning hours of February 14, 2026. Plaintiff seeks recovery from the driver for civil battery and from Uber Technologies, Inc. and Rasier, LLC (collectively, "Uber") for the transportation and safety failures that placed her alone in a vehicle with Mukumov and exposed her to a foreseeable risk of sexual assault.

2. Plaintiff used the Uber application to request transportation from 3863 Farnam Street, Omaha, Nebraska, to her residence in Omaha, Nebraska. Uber matched her with Defendant Furqat Mukumov, identified in the application as "FURQAT," driving a 2022 Honda Accord bearing Nebraska license plate BHE662.

3. The public does not know who is actually behind the wheel when an Uber vehicle arrives. Riders get into the car because Uber has selected the driver, approved the vehicle,

displayed the route, controlled the payment, and represented that the ride is safe. That trust is the product Uber sells and the responsibility Uber cannot disclaim after serious harm occurs.

4. After reaching Plaintiff's destination, Mukumov drove away from her home, stopped again, entered the back seat with her, made unwanted sexual advances, and intentionally subjected her to nonconsensual sexual contact. Plaintiff repeatedly said no and raised her hand to stop Mukumov.

5. Plaintiff reported the incident to Uber the same morning through Uber's Help and Safety system. Uber refunded the fare and described the refund as an "Extremely Bad Trip Experience - Refund." The State of Nebraska later filed a felony criminal complaint against Mukumov for Sexual Assault - Forcible 1st Degree, a Class II felony, arising from the February 14, 2026 incident, and an arrest warrant issued.

6. Plaintiff brings a direct battery claim against Mukumov and claims against Uber based on Uber's own negligence, its safety undertakings, its failure to warn, its nondelegable transportation duties, and its presentation of Mukumov as the authorized Uber driver for the ride.

## II. PARTIES

7. Plaintiff Jane Doe is domiciled in Nebraska and is a citizen of Nebraska. Plaintiff resided in Omaha, Douglas County, Nebraska, at all times relevant to this action. Plaintiff contemporaneously seeks leave to proceed under the pseudonym "Jane Doe" in publicly accessible filings because this action arises from sexual assault and involves highly sensitive personal, medical, and psychological information. Plaintiff will disclose her true identity to the Court and Defendants under appropriate protective conditions.

8. Defendant Uber Technologies, Inc. is a foreign corporation organized under the laws of Delaware, with its principal place of business in California. Uber Technologies transacts

business in Nebraska, including Douglas County, by offering, marketing, arranging, controlling, and profiting from Uber rides in Nebraska.

9. Defendant Rasier, LLC is a foreign limited liability company affiliated with Uber Technologies, Inc. Rasier transacts business in Nebraska and, upon information and belief, contracts with, approves, monitors, and/or controls drivers and rides offered through the Uber platform.

10. Defendant Furqat Mukumov is a natural person. Upon information and belief, at the time this action is commenced, Mukumov is domiciled in Nebraska and is a citizen of Nebraska. Available records identify Mukumov as maintaining a Douglas County residence, holding a Nebraska driver's license, registering the subject vehicle in Nebraska, and driving for Uber in Nebraska.

11. Uber Technologies, Inc. and Rasier, LLC are referred to collectively as "Uber" unless separately identified.

## III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction because the District Court has general original jurisdiction over civil actions under Nebraska law.

13. This Court has personal jurisdiction over all Defendants. Uber transacted business and provided transportation services in Nebraska. Mukumov resided and worked as an Uber driver in Nebraska. The acts, omissions, injuries, and damages alleged occurred in Nebraska.

14. Venue is proper in Douglas County because the Uber ride began and ended in Douglas County, the battery occurred in Douglas County, and Plaintiff's injuries and damages were sustained in Douglas County.

## IV. FACTUAL ALLEGATIONS

### Uber's Transportation System and Safety Responsibilities

15. Uber operates an app-based transportation system through which riders request transportation and are matched with drivers and vehicles Uber has approved for use on its platform.

16. Uber controls that system, including driver access and deactivation, rider-driver matching, vehicle approval, route and trip data, driver ratings, rider complaints, and the Help and Safety reporting process.

17. Uber receives, stores, and controls information riders cannot access before entering a vehicle, including driver application and identity records, background-screening results, vehicle documents, account and complaint history, trip and GPS data, device identifiers, and suspension or deactivation records.

18. Nebraska law requires transportation network companies to display specified driver or vehicle-identifying information to passengers; maintain accurate and up-to-date records of participating drivers, including the vehicle identification numbers of vehicles used; establish driver-safety training; and obtain and review national criminal-history information before permitting a person to act as a driver. Neb. Rev. Stat. §§ 75-325 and 75-326.

19. Uber knows riders often use its platform late at night, alone, and while leaving bars, restaurants, and entertainment districts, and that riders must rely on Uber to identify the driver, approve the vehicle, monitor the ride, and provide a reasonable system of safety.

20. Before February 14, 2026, Uber knew or should have known from prior incidents, rider complaints, litigation, regulatory proceedings, and internal safety data that sexual assault and sexual misconduct by drivers were foreseeable risks of its transportation system.

21. Uber had available measures to reduce those risks, including reliable identity and account verification, recurring background screening, vehicle review, clear rider warnings, trip-anomaly review, effective reporting and escalation, driver training, enforcement of sexual-misconduct rules, and prompt suspension or deactivation of unsafe drivers.

**The February 14, 2026 Uber Ride**

22. On February 14, 2026, at approximately 2:00 a.m., Plaintiff used the Uber application to request transportation in Omaha, Nebraska.

23. Uber matched Plaintiff with an UberX ride driven by Furqat Mukumov. The Uber application identified the driver as "FURQAT" and identified the vehicle as a Honda Accord bearing Nebraska license plate BHE662.

24. The trip began at approximately 2:10 a.m. at 3863 Farnam Street, Omaha, Nebraska, and was recorded by Uber as ending at approximately 2:19 a.m. near Plaintiff's residence in Omaha, Nebraska. The ride covered approximately 4.42 miles.

25. Plaintiff was alone with Mukumov. She did not know Mukumov and relied on Uber to provide the verified driver and approved vehicle displayed in the application.

26. When the vehicle reached Plaintiff's destination and she was preparing to exit, Mukumov drove away from her home and stopped again at another location nearby.

27. Mukumov then opened a rear door, entered the back seat with Plaintiff, made unwanted sexual advances, and intentionally subjected her to harmful and offensive sexual contact without her consent.

28. Plaintiff repeatedly told Mukumov no and raised her hand to stop. Mukumov did not stop.

29. Ring doorbell footage shows Plaintiff approaching her door at approximately 2:41 a.m. and entering the residence at approximately 2:42 a.m., more than twenty-two minutes after Uber recorded the trip as ending.

30. Under Neb. Rev. Stat. § 75-323(2), the engaged stage of a transportation network company ride continues until the later of the driver's completion of the transaction through the application or the passenger's exit from the vehicle. Accordingly, the statutory engaged stage continued until Plaintiff exited the vehicle, regardless of when Mukumov marked the transaction complete in the application.

**Plaintiff's Same-Day Report and Subsequent Events**

31. Plaintiff reported the incident to Uber on February 14, 2026, through Uber's Help and Safety system under the heading "Report a serious incident with a driver." She reported that Mukumov stopped away from her home, entered the back seat, made sexual advances, touched her sexually, and continued after she repeatedly said no and raised her hand to stop.

32. Uber received same-day notice of a serious safety event involving Mukumov and the ride.

33. After Plaintiff reported the assault to Uber, Plaintiff personally observed Mukumov return to the vicinity of her residence the following day. Plaintiff had not invited or expected Mukumov to return and did not know why Mukumov returned.

34. On May 20, 2026, the State of Nebraska filed a felony complaint in the County Court of Douglas County charging Mukumov with first degree sexual assault, a Class II felony, for allegedly subjecting Plaintiff to sexual penetration without her consent on February 14, 2026. The court issued an arrest warrant in *State v. Furqat Mukumov*, Case No. CR 26-8238.

**Driver, Account, and Vehicle Verification Signals**

35. Government-source records associated with Mukumov reflected licensing, address, vehicle, registration, and title information spanning several states and containing material inconsistencies that required reconciliation by a reasonable identity and account-verification system.

36. Those records included driver-license records in more than one state with conflicting biographical identifiers, multiple current and recent vehicles associated with Mukumov, and repeated vehicle and plate changes across jurisdictions over a short period.

37. The 2022 Honda Accord used for Plaintiff's ride carried Ohio damaged and salvage brands dated December 2025 and a Nebraska prior-salvage brand dated February 2, 2026. It was registered in Nebraska on February 6, 2026, only eight days before Plaintiff's ride.

38. These were driver, account, and vehicle-verification signals available to Uber or reasonably obtainable through the systems Uber controlled. Plaintiff had no access to them. She saw only the driver and vehicle Uber presented as approved for her ride.

**Plaintiff's Injuries**

39. As a direct and proximate result of Mukumov's battery and Uber's acts and omissions, Plaintiff suffered severe physical, emotional, psychological, dignitary, and economic injuries.

40. Plaintiff has incurred and will continue to incur medical and mental-health expenses and has suffered physical pain, mental suffering, emotional distress, anxiety, humiliation, shame, and loss of enjoyment of life.

## V. CLAIMS FOR RELIEF

### COUNT I - CIVIL BATTERY AGAINST FURQAT MUKUMOV

41. Plaintiff incorporates the preceding allegations.

42. Mukumov intentionally caused harmful and offensive physical contact with Plaintiff by subjecting her to sexual contact without her consent.

43. The contact was against Plaintiff's will and violated her right to bodily integrity and personal dignity. Plaintiff repeatedly said no and attempted to stop Mukumov.

44. Mukumov's battery was a direct and proximate cause of Plaintiff's injuries and damages.

### COUNT II - NEGLIGENCE AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC

45. Plaintiff incorporates the preceding allegations.

46. Uber owed Plaintiff a duty to use reasonable care in operating and controlling its transportation system and in protecting riders from foreseeable driver sexual assault and misconduct.

47. Uber breached its duty by:

a. Failing to reasonably screen, verify, and investigate Mukumov before permitting Mukumov to transport riders;

b. Failing to maintain accurate driver, account, and vehicle records and reasonable systems capable of detecting and resolving inconsistent identity, license, address, vehicle, and account information;

c. Failing to use reasonable background screening, recurring rescreening, and account-integrity review;

d. Failing to implement reasonable safety monitoring, reporting, escalation, and intervention for late-night riders and trip anomalies;

e. Failing to maintain and enforce effective sexual-misconduct policies and reasonable procedures to identify, restrict, suspend, or deactivate unsafe drivers.

48. Uber's negligence was a direct and proximate cause of Plaintiff's injuries and damages.

**COUNT III - NEGLIGENT UNDERTAKING AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC**

49. Plaintiff incorporates the preceding allegations.

50. Uber undertook to arrange safe transportation by selecting and approving drivers and vehicles, matching riders with drivers, monitoring trip data, and restricting or removing unsafe drivers.

51. Plaintiff reasonably relied on those undertakings because Uber controlled information and safety systems she could not access or independently verify.

52. Uber failed to use reasonable care in performing its undertakings, thereby increasing the risk of harm to Plaintiff.

53. Uber's negligent undertaking was a direct and proximate cause of Plaintiff's injuries and damages.

**COUNT IV - NEGLIGENT FAILURE TO WARN AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC**

54. Plaintiff incorporates the preceding allegations.

55. Uber knew or should have known that driver sexual assault and misconduct were foreseeable risks of its transportation system, particularly for riders traveling alone late at night.

56. Uber also knew riders lacked access to driver, account, vehicle, complaint, and safety-history information necessary to evaluate those risks before entering an Uber vehicle.

57. Uber failed to provide reasonable warnings about the known risk of driver sexual assault, the limits of its driver-verification and monitoring systems, and the heightened risk faced by solo late-night riders.

58. Instead, Uber presented Mukumov and the vehicle as approved for a safe Uber ride, and Plaintiff reasonably relied on that presentation.

59. Uber's negligent failure to warn was a direct and proximate cause of Plaintiff's injuries and damages.

**COUNT V - SPECIAL RELATIONSHIP, COMMON CARRIER, AND NONDELEGABLE DUTY AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC**

60. Plaintiff incorporates the preceding allegations.

61. Uber undertook for compensation to transport Plaintiff from one location to another through a driver and vehicle Uber selected and approved.

62. Uber held itself out to the public as a transportation provider and invited Plaintiff to entrust her personal safety to Uber and the driver Uber sent for her ride.

63. Uber owed Plaintiff special, heightened, and nondelegable duties to use reasonable care to provide safe transportation and protect her from foreseeable harm by the driver Uber selected and approved.

64. Uber could not avoid those duties by delegating transportation to Mukumov or characterizing Mukumov as an independent contractor.

65. Uber breached those duties, directly and proximately causing Plaintiff's injuries and damages.

## COUNT VI - VICARIOUS LIABILITY BASED ON APPARENT AGENCY AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC

66. Plaintiff incorporates the preceding allegations.

67. Uber selected, approved, identified, and presented Mukumov to Plaintiff as the authorized Uber driver for this ride.

68. Plaintiff reasonably relied on Uber's application, driver and vehicle identification, ride matching, fare collection, receipt, safety messaging, and rating system when Plaintiff accepted the ride and entered the vehicle.

69. The battery occurred during the statutory engaged stage of the Uber ride and arose directly from the transportation relationship and access Uber created.

70. Mukumov was acting with Uber's apparent authority while transporting Plaintiff, and Uber is vicariously liable for the injuries and damages proximately caused by Mukumov's conduct.

## VI. DAMAGES

71. Plaintiff has suffered and will continue to suffer medical and mental-health expenses, physical pain, mental suffering, emotional distress, anxiety, humiliation, shame, loss of enjoyment of life, and other compensatory damages recoverable under Nebraska law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jane Doe requests judgment against Defendants according to their respective liabilities, jointly and severally where permitted by law, and requests:

a. An order permitting Plaintiff to proceed publicly as Jane Doe and protecting her identifying information from public disclosure;

b. Compensatory damages in an amount determined by the jury;

c. Past and future medical, counseling, therapy, and other economic damages;

d. Past and future physical pain, mental suffering, emotional distress, trauma, humiliation, anxiety, shame, and loss of enjoyment of life;

e. Prejudgment and postjudgment interest to the extent allowed by law;

f. Costs to the extent allowed by law;

g. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 6th day of August, 2026.

JANE DOE, Plaintiff,

By: *_/s/ Christopher P. Welsh_*

Christopher P. Welsh - #22279
Joel J. Fulton - #25237
WELSH & WELSH, PC, LLO
9290 West Dodge Road
204 The Mark
Omaha, Nebraska 68114
Phone: 402-384-8160
cwelsh@welsh-law.com
joel@welsh-law.com
ATTORNEYS FOR PLAINTIFF

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/13/2026
CT Log Number 553061659

## Service of Process Transmittal Summary

**TO:** Gabriela Lopez, Paralegal
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** **Process Served in Nebraska**

**FOR:** RASIER, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Jane Doe // To: RASIER, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand, Attachment |
| **COURT/AGENCY:** | Douglas County District Court of Nebraska, NE<br>Case # CI266951 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 02/14/2026 |
| **PROCESS SERVED ON:** | C T Corporation System, Lincoln, NE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/13/2026 postmarked on 08/10/2026 |
| **JURISDICTION SERVED:** | Nebraska |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service of the complaint/petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Christopher P Welsh<br>WELSH & WELSH, PC, LLO<br>9290 W Dodge Rd<br>Omaha, NE 68114<br>402-384-8160 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/14/2026, Expected Purge Date: 08/19/2026<br><br>Image SOP<br><br>Email Notification, Gabriela Lopez intake@uber.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>5601 South 59th Street<br>Lincoln, NE 68516<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL®

OMAHA NE 680

11 AUG 2026PM 1 L

PITNEY BOWES
$1.07 0
US POSTAGE IMI
FIRST-CLASS
028W0002310909
2000195075
ZIP 68114
AUG 10 2026

PITNEY BOWES
$8.75 0
US POSTAGE IMI
CORRECTION
028W0002311248
2000195075
ZIP 68114
AUG 10 2026

68516-

Christopher P. Welsh
Welsh & Welsh P.C., L.L.O.
9290 W Dodge Road
Suite 204 The mark
Omaha, NE 68114

9314 8699 0430 0153 9631 64

RETURN RECEIPT (ELECTRONIC)

Total Postage: $9.82

Rasier, LLC
CT Corporation System R/A
5601 South 59th Street
Lincoln, NE 68516

Reference Number: Doe

Image ID: D01063313D01

# SUMMONS

Doc. No. 1063313

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Jane Doe v. Uber Technologies, Inc

Case ID: CI 26 6951

TO: Rasier, LLC

You have been sued by the following plaintiff(s):

Jane Doe

Plaintiff's Attorney: Christopher P Welsh
Address: 9290 W Dodge Rd
Omaha, NE 68114

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 7, 2026 BY THE COURT: Crystal Rhoades
Clerk

FOURTH DISTRICT COURT ★ DOUGLAS COUNTY, NEBRASKA ★

Image ID:
D01063313D01

**SUMMONS**

Doc. No. 1063313

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Rasier, LLC
CT Corporation System R/A
5601 South 59th Street
Lincoln, NE 68516

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

# REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT

**IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA**
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Case ID: D 1 CI 26 6951

Jane Doe v. Uber Technologies, Inc

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐ My email address where I will receive notices from the court for this case is:

______________________________________________

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐ I do not have the ability to receive emails. The reason I cannot receive email is:

______________________________________________

______________________________________________

______________________________________________

| | |
|---|---|
| Signature | Date |
| Name | Street Address/P.O. Box |
| Phone | City/State/ZIP Code |

**This form must not be used as an answer in a civil proceeding.**

**This form must be filed in addition to any other pleading.**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI260006951
Transaction ID: 0025404082
Filing Date: 08/06/2026 04:00:51 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; and FURQAT MUKUMOV,<br><br>Defendants. | ) | CASE NO. CI 26 -<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Jane Doe, by and through her undersigned counsel, and for her Complaint against Defendants Uber Technologies, Inc., Rasier, LLC, and Furqat Mukumov, states and alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil action arising from a sexual assault committed against Plaintiff during an UberX ride in Omaha, Nebraska, during the early morning hours of February 14, 2026. Plaintiff seeks recovery from the driver for civil battery and from Uber Technologies, Inc. and Rasier, LLC (collectively, "Uber") for the transportation and safety failures that placed her alone in a vehicle with Mukumov and exposed her to a foreseeable risk of sexual assault.

2. Plaintiff used the Uber application to request transportation from 3863 Farnam Street, Omaha, Nebraska, to her residence in Omaha, Nebraska. Uber matched her with Defendant Furqat Mukumov, identified in the application as "FURQAT," driving a 2022 Honda Accord bearing Nebraska license plate BHE662.

3. The public does not know who is actually behind the wheel when an Uber vehicle arrives. Riders get into the car because Uber has selected the driver, approved the vehicle,

displayed the route, controlled the payment, and represented that the ride is safe. That trust is the product Uber sells and the responsibility Uber cannot disclaim after serious harm occurs.

4. After reaching Plaintiff's destination, Mukumov drove away from her home, stopped again, entered the back seat with her, made unwanted sexual advances, and intentionally subjected her to nonconsensual sexual contact. Plaintiff repeatedly said no and raised her hand to stop Mukumov.

5. Plaintiff reported the incident to Uber the same morning through Uber's Help and Safety system. Uber refunded the fare and described the refund as an "Extremely Bad Trip Experience - Refund." The State of Nebraska later filed a felony criminal complaint against Mukumov for Sexual Assault - Forcible 1st Degree, a Class II felony, arising from the February 14, 2026 incident, and an arrest warrant issued.

6. Plaintiff brings a direct battery claim against Mukumov and claims against Uber based on Uber's own negligence, its safety undertakings, its failure to warn, its nondelegable transportation duties, and its presentation of Mukumov as the authorized Uber driver for the ride.

## II. PARTIES

7. Plaintiff Jane Doe is domiciled in Nebraska and is a citizen of Nebraska. Plaintiff resided in Omaha, Douglas County, Nebraska, at all times relevant to this action. Plaintiff contemporaneously seeks leave to proceed under the pseudonym "Jane Doe" in publicly accessible filings because this action arises from sexual assault and involves highly sensitive personal, medical, and psychological information. Plaintiff will disclose her true identity to the Court and Defendants under appropriate protective conditions.

8. Defendant Uber Technologies, Inc. is a foreign corporation organized under the laws of Delaware, with its principal place of business in California. Uber Technologies transacts

business in Nebraska, including Douglas County, by offering, marketing, arranging, controlling, and profiting from Uber rides in Nebraska.

9. Defendant Rasier, LLC is a foreign limited liability company affiliated with Uber Technologies, Inc. Rasier transacts business in Nebraska and, upon information and belief, contracts with, approves, monitors, and/or controls drivers and rides offered through the Uber platform.

10. Defendant Furqat Mukumov is a natural person. Upon information and belief, at the time this action is commenced, Mukumov is domiciled in Nebraska and is a citizen of Nebraska. Available records identify Mukumov as maintaining a Douglas County residence, holding a Nebraska driver's license, registering the subject vehicle in Nebraska, and driving for Uber in Nebraska.

11. Uber Technologies, Inc. and Rasier, LLC are referred to collectively as "Uber" unless separately identified.

## III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction because the District Court has general original jurisdiction over civil actions under Nebraska law.

13. This Court has personal jurisdiction over all Defendants. Uber transacted business and provided transportation services in Nebraska. Mukumov resided and worked as an Uber driver in Nebraska. The acts, omissions, injuries, and damages alleged occurred in Nebraska.

14. Venue is proper in Douglas County because the Uber ride began and ended in Douglas County, the battery occurred in Douglas County, and Plaintiff's injuries and damages were sustained in Douglas County.

## IV. FACTUAL ALLEGATIONS

### Uber's Transportation System and Safety Responsibilities

15. Uber operates an app-based transportation system through which riders request transportation and are matched with drivers and vehicles Uber has approved for use on its platform.

16. Uber controls that system, including driver access and deactivation, rider-driver matching, vehicle approval, route and trip data, driver ratings, rider complaints, and the Help and Safety reporting process.

17. Uber receives, stores, and controls information riders cannot access before entering a vehicle, including driver application and identity records, background-screening results, vehicle documents, account and complaint history, trip and GPS data, device identifiers, and suspension or deactivation records.

18. Nebraska law requires transportation network companies to display specified driver or vehicle-identifying information to passengers; maintain accurate and up-to-date records of participating drivers, including the vehicle identification numbers of vehicles used; establish driver-safety training; and obtain and review national criminal-history information before permitting a person to act as a driver. Neb. Rev. Stat. §§ 75-325 and 75-326.

19. Uber knows riders often use its platform late at night, alone, and while leaving bars, restaurants, and entertainment districts, and that riders must rely on Uber to identify the driver, approve the vehicle, monitor the ride, and provide a reasonable system of safety.

20. Before February 14, 2026, Uber knew or should have known from prior incidents, rider complaints, litigation, regulatory proceedings, and internal safety data that sexual assault and sexual misconduct by drivers were foreseeable risks of its transportation system.

21. Uber had available measures to reduce those risks, including reliable identity and account verification, recurring background screening, vehicle review, clear rider warnings, trip-anomaly review, effective reporting and escalation, driver training, enforcement of sexual-misconduct rules, and prompt suspension or deactivation of unsafe drivers.

**The February 14, 2026 Uber Ride**

22. On February 14, 2026, at approximately 2:00 a.m., Plaintiff used the Uber application to request transportation in Omaha, Nebraska.

23. Uber matched Plaintiff with an UberX ride driven by Furqat Mukumov. The Uber application identified the driver as "FURQAT" and identified the vehicle as a Honda Accord bearing Nebraska license plate BHE662.

24. The trip began at approximately 2:10 a.m. at 3863 Farnam Street, Omaha, Nebraska, and was recorded by Uber as ending at approximately 2:19 a.m. near Plaintiff's residence in Omaha, Nebraska. The ride covered approximately 4.42 miles.

25. Plaintiff was alone with Mukumov. She did not know Mukumov and relied on Uber to provide the verified driver and approved vehicle displayed in the application.

26. When the vehicle reached Plaintiff's destination and she was preparing to exit, Mukumov drove away from her home and stopped again at another location nearby.

27. Mukumov then opened a rear door, entered the back seat with Plaintiff, made unwanted sexual advances, and intentionally subjected her to harmful and offensive sexual contact without her consent.

28. Plaintiff repeatedly told Mukumov no and raised her hand to stop. Mukumov did not stop.

29. Ring doorbell footage shows Plaintiff approaching her door at approximately 2:41 a.m. and entering the residence at approximately 2:42 a.m., more than twenty-two minutes after Uber recorded the trip as ending.

30. Under Neb. Rev. Stat. § 75-323(2), the engaged stage of a transportation network company ride continues until the later of the driver's completion of the transaction through the application or the passenger's exit from the vehicle. Accordingly, the statutory engaged stage continued until Plaintiff exited the vehicle, regardless of when Mukumov marked the transaction complete in the application.

**Plaintiff's Same-Day Report and Subsequent Events**

31. Plaintiff reported the incident to Uber on February 14, 2026, through Uber's Help and Safety system under the heading "Report a serious incident with a driver." She reported that Mukumov stopped away from her home, entered the back seat, made sexual advances, touched her sexually, and continued after she repeatedly said no and raised her hand to stop.

32. Uber received same-day notice of a serious safety event involving Mukumov and the ride.

33. After Plaintiff reported the assault to Uber, Plaintiff personally observed Mukumov return to the vicinity of her residence the following day. Plaintiff had not invited or expected Mukumov to return and did not know why Mukumov returned.

34. On May 20, 2026, the State of Nebraska filed a felony complaint in the County Court of Douglas County charging Mukumov with first degree sexual assault, a Class II felony, for allegedly subjecting Plaintiff to sexual penetration without her consent on February 14, 2026. The court issued an arrest warrant in *State v. Furqat Mukumov*, Case No. CR 26-8238.

**Driver, Account, and Vehicle Verification Signals**

35. Government-source records associated with Mukumov reflected licensing, address, vehicle, registration, and title information spanning several states and containing material inconsistencies that required reconciliation by a reasonable identity and account-verification system.

36. Those records included driver-license records in more than one state with conflicting biographical identifiers, multiple current and recent vehicles associated with Mukumov, and repeated vehicle and plate changes across jurisdictions over a short period.

37. The 2022 Honda Accord used for Plaintiff's ride carried Ohio damaged and salvage brands dated December 2025 and a Nebraska prior-salvage brand dated February 2, 2026. It was registered in Nebraska on February 6, 2026, only eight days before Plaintiff's ride.

38. These were driver, account, and vehicle-verification signals available to Uber or reasonably obtainable through the systems Uber controlled. Plaintiff had no access to them. She saw only the driver and vehicle Uber presented as approved for her ride.

**Plaintiff's Injuries**

39. As a direct and proximate result of Mukumov's battery and Uber's acts and omissions, Plaintiff suffered severe physical, emotional, psychological, dignitary, and economic injuries.

40. Plaintiff has incurred and will continue to incur medical and mental-health expenses and has suffered physical pain, mental suffering, emotional distress, anxiety, humiliation, shame, and loss of enjoyment of life.

## V. CLAIMS FOR RELIEF

### COUNT I - CIVIL BATTERY AGAINST FURQAT MUKUMOV

41. Plaintiff incorporates the preceding allegations.

42. Mukumov intentionally caused harmful and offensive physical contact with Plaintiff by subjecting her to sexual contact without her consent.

43. The contact was against Plaintiff's will and violated her right to bodily integrity and personal dignity. Plaintiff repeatedly said no and attempted to stop Mukumov.

44. Mukumov's battery was a direct and proximate cause of Plaintiff's injuries and damages.

### COUNT II - NEGLIGENCE AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC

45. Plaintiff incorporates the preceding allegations.

46. Uber owed Plaintiff a duty to use reasonable care in operating and controlling its transportation system and in protecting riders from foreseeable driver sexual assault and misconduct.

47. Uber breached its duty by:

a. Failing to reasonably screen, verify, and investigate Mukumov before permitting Mukumov to transport riders;

b. Failing to maintain accurate driver, account, and vehicle records and reasonable systems capable of detecting and resolving inconsistent identity, license, address, vehicle, and account information;

c. Failing to use reasonable background screening, recurring rescreening, and account-integrity review;

d. Failing to implement reasonable safety monitoring, reporting, escalation, and intervention for late-night riders and trip anomalies;

e. Failing to maintain and enforce effective sexual-misconduct policies and reasonable procedures to identify, restrict, suspend, or deactivate unsafe drivers.

48. Uber's negligence was a direct and proximate cause of Plaintiff's injuries and damages.

**COUNT III - NEGLIGENT UNDERTAKING AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC**

49. Plaintiff incorporates the preceding allegations.

50. Uber undertook to arrange safe transportation by selecting and approving drivers and vehicles, matching riders with drivers, monitoring trip data, and restricting or removing unsafe drivers.

51. Plaintiff reasonably relied on those undertakings because Uber controlled information and safety systems she could not access or independently verify.

52. Uber failed to use reasonable care in performing its undertakings, thereby increasing the risk of harm to Plaintiff.

53. Uber's negligent undertaking was a direct and proximate cause of Plaintiff's injuries and damages.

**COUNT IV - NEGLIGENT FAILURE TO WARN AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC**

54. Plaintiff incorporates the preceding allegations.

55. Uber knew or should have known that driver sexual assault and misconduct were foreseeable risks of its transportation system, particularly for riders traveling alone late at night.

56. Uber also knew riders lacked access to driver, account, vehicle, complaint, and safety-history information necessary to evaluate those risks before entering an Uber vehicle.

57. Uber failed to provide reasonable warnings about the known risk of driver sexual assault, the limits of its driver-verification and monitoring systems, and the heightened risk faced by solo late-night riders.

58. Instead, Uber presented Mukumov and the vehicle as approved for a safe Uber ride, and Plaintiff reasonably relied on that presentation.

59. Uber's negligent failure to warn was a direct and proximate cause of Plaintiff's injuries and damages.

**COUNT V - SPECIAL RELATIONSHIP, COMMON CARRIER, AND NONDELEGABLE DUTY AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC**

60. Plaintiff incorporates the preceding allegations.

61. Uber undertook for compensation to transport Plaintiff from one location to another through a driver and vehicle Uber selected and approved.

62. Uber held itself out to the public as a transportation provider and invited Plaintiff to entrust her personal safety to Uber and the driver Uber sent for her ride.

63. Uber owed Plaintiff special, heightened, and nondelegable duties to use reasonable care to provide safe transportation and protect her from foreseeable harm by the driver Uber selected and approved.

64. Uber could not avoid those duties by delegating transportation to Mukumov or characterizing Mukumov as an independent contractor.

65. Uber breached those duties, directly and proximately causing Plaintiff's injuries and damages.

## COUNT VI - VICARIOUS LIABILITY BASED ON APPARENT AGENCY AGAINST UBER TECHNOLOGIES, INC. AND RASIER, LLC

66. Plaintiff incorporates the preceding allegations.

67. Uber selected, approved, identified, and presented Mukumov to Plaintiff as the authorized Uber driver for this ride.

68. Plaintiff reasonably relied on Uber's application, driver and vehicle identification, ride matching, fare collection, receipt, safety messaging, and rating system when Plaintiff accepted the ride and entered the vehicle.

69. The battery occurred during the statutory engaged stage of the Uber ride and arose directly from the transportation relationship and access Uber created.

70. Mukumov was acting with Uber's apparent authority while transporting Plaintiff, and Uber is vicariously liable for the injuries and damages proximately caused by Mukumov's conduct.

## VI. DAMAGES

71. Plaintiff has suffered and will continue to suffer medical and mental-health expenses, physical pain, mental suffering, emotional distress, anxiety, humiliation, shame, loss of enjoyment of life, and other compensatory damages recoverable under Nebraska law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jane Doe requests judgment against Defendants according to their respective liabilities, jointly and severally where permitted by law, and requests:

a. An order permitting Plaintiff to proceed publicly as Jane Doe and protecting her identifying information from public disclosure;

b. Compensatory damages in an amount determined by the jury;

c. Past and future medical, counseling, therapy, and other economic damages;

d. Past and future physical pain, mental suffering, emotional distress, trauma, humiliation, anxiety, shame, and loss of enjoyment of life;

e. Prejudgment and postjudgment interest to the extent allowed by law;

f. Costs to the extent allowed by law;

g. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 6th day of August, 2026.

JANE DOE, Plaintiff,

By: _/s/ Christopher P. Welsh_

Christopher P. Welsh - #22279
Joel J. Fulton - #25237
WELSH & WELSH, PC, LLO
9290 West Dodge Road
204 The Mark
Omaha, Nebraska 68114
Phone: 402-384-8160
cwelsh@welsh-law.com
joel@welsh-law.com
ATTORNEYS FOR PLAINTIFF