**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, and FURQAT MUKUMOV,<br><br>Defendants. | Case No. 8:26-cv-00499<br><br>Hon. Senior Judge Joseph F. Bataillon<br>Hon. Magistrate Judge Michael D. Nelson<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO REMAND AND MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** |

## I. INTRODUCTION

Uber Technologies, Inc. and Rasier, LLC ("Defendants") submit this brief in support of an extension to respond to Plaintiff's Motion to Remand (Filing nos. 8, 9) and for leave to conduct jurisdictional discovery.

## II. PROCEDURAL BACKGROUND

Defendants removed this case on September 1, 2026. (Filing no. 1). On September 25, 2026, Plaintiff filed a Motion to Remand. (Filing nos. 8, 9). At issue in the remand motion is whether this Court has subject-matter jurisdiction based on diversity jurisdiction. Plaintiff calls into question the citizenship of Defendant, the independent driver, Furqat Mukumov ("Defendant Mukumov"). (Filing no. 8).

Meanwhile, although Plaintiff filed the complaint on June 6, 2026, and a state court summons was issued on August 7, 2026, as to Defendant Mukumov, Plaintiff has yet to file proof of service reflecting service of the summons and complaint on Defendant Furqat Mukumov. According to Fed. R. Civ. P. 4(m), the deadline to serve a defendant was on September 4, 2026. To date, Plaintiff has not requested a federal summons or an

extension to serve Defendant Mukumov. Thus, Mr. Mukumov has neither been served nor has he appeared in this litigation.

In addition, the Parties have not conducted a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . except . . . when authorized . . . by court order."). As such, and so that an appropriate factual record can be established for the Court to adjudicate the pending Motion to Remand, Defendants respectfully request leave to conduct limited jurisdictional discovery within 60 days following entry of an order granting the Motion for Jurisdictional Discovery. Defendants also request an extension of time to respond to Plaintiff's pending Motion to Remand to allow the discovery to be conducted before providing a response. Defendants propose to respond to the Motion within 14 days of the close of the jurisdictional discovery period.

Plaintiff opposes this request despite expressly suggesting in the Motion to Remand that jurisdictional discovery should be conducted. (Filing no. 8, at 2; Filing no. 9, at 8-9).

## III. LEGAL STANDARD

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, this Court has discretion to grant an extension if good cause exists. Fed. R. Civ. P. 6(b)(1). The primary measure of "good cause" is the movant's diligence in attempting to meet deadlines. *Parato v. Maestro Health*, No. 8:23-CV-58, 2023 WL 4743342, at *2 (D. Neb. July 25, 2023).

The Eighth Circuit recognizes that when there is a question of the existence of subject matter jurisdiction in an action, a court may order limited discovery to resolve the jurisdictional issue. *See Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978))

("Discovery is not limited to the merits of a case; 'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'"). Jurisdictional discovery is appropriate where additional facts may establish or negate the existence of jurisdiction. *See Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003); *see, e.g.*, *Ribeiro v. Baby Trend, Inc., et al.*, No. 8:12-cv-00204-JFB-MDN, Dkt. 212 (D. Neb. Apr. 29, 2015) (granting leave to conduct jurisdictional discovery and granting extension of time to respond to motion to dismiss). Further, where subject-matter jurisdiction is factually contested, a court has discretion to consider evidence outside the pleadings and resolve disputed jurisdictional issues based on an evidentiary record. *See Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990); *Carnrick v. Riekes Container Corp.*, No. 8:16-cv-95, 2017 WL 1476229, at *2 (D. Neb. Feb. 7, 2017) (J. Bataillon) ("A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either on its face or on the factual truthfulness of its averments.") (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (internal quotation marks omitted)). The court may also consider attachments to pleadings, matters of public record, and matters of administrative record. *Carnrick*, 2017 WL 1476229, at *2.

District courts within the Eighth Circuit routinely permit narrowly tailored jurisdictional discovery when facts relevant to diversity jurisdiction are unavailable. *See, e.g.*, *Short v. Ramsey*, No. 8:16-cv-499, 2017 WL 571474, at * 2 (D. Neb. Feb. 13, 2017) (granting motion for jurisdictional discovery limited to the issue of citizenship of the parties for diversity purposes). Such discovery is particularly appropriate when resolving questions concerning citizenship and domicile because those issues often depend upon objective facts contained in governmental records and other evidence not available through the pleadings alone. *See Osborn v. United States*, 918 F.2d at n. 4 ("The district

court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged . . ."). Lastly, pursuant to Federal Rule of Civil Procedure 26(d)(1), a court may authorize discovery before the normal discovery process begins when circumstances warrant. *See* Fed. R. Civ. P. 26(d)(1) (allowing a party to seek discovery prior to Rule 26(f) conference "when authorized . . . by court order.").

## IV. ARGUMENT

Good cause exists to permit jurisdictional discovery before general discovery. The goal of the limited discovery is to quickly resolve the citizenship status of Defendant Mukumov, as his citizenship status is not publicly available, he has yet to be served, and he has yet to make an appearance in this case. Allowing limited jurisdictional discovery appears to be the least burdensome mechanism for creating an adequate record.

Uber has conducted a good-faith investigation to determine whether Mr. Mukumov is a citizen of the United States or a foreign nation, including: (a) running third-party background reports with publicly-available information regarding Mr. Mukumov; (b) reviewing social media profiles associated with Mr. Mukumov; (c) analyzing information regarding criminal charges against Mr. Mukumov; (d) reviewing internal files related to Mr. Mukumov; and (e) searching government detention database, and other federal court dockets, to see if Mr. Mukumov is in federal law enforcement custody, which would provide information about his citizenship for purposes of determining diversity. But without Mr. Mukumov's appearance in this litigation, it is difficult to obtain the best evidence, like an affidavit, birth certificate, or passport, that shows Mr. Mukumov's citizenship at the time of removal.

Defendants therefore ask the Court to permit limited jurisdictional discovery, including discovery from a parental relative of Defendant Mukumov, who, per

conversation with Plaintiff's counsel, is believed to live at the last known address associated with Mr. Mukumov. Defendants hope a subpoena for limited records and a deposition, or affidavit, may establish evidence of the citizenship status of Mr. Mukumov. In tandem with this approach, Defendants also seek limited discovery to subpoena records from the Douglas County Attorney Office that criminally charged Mr. Mukumov around May 2026, as well as any federal agency, such as the U.S. Citizenship and Immigration Services and U.S. Immigration and Customs Enforcement, that may be able to shed light on Mr. Mukumov's citizenship status. This latter discovery likely will take more time, at least 60 days, especially as the whereabouts of Mr. Mukumov are concurrently unknown.

Defendants expect that this requested discovery will shed light on objective indicia of domicile such as: (1) citizenship information maintained by the relevant state or federal agency; (2) addresses provided to governmental authorities; (3) residency information; (4) licensing or registration records; (5) immigration or citizenship records, if maintained; and (6) other records reflecting physical presence or claimed domicile during the relevant period. Defendants do not seek merits discovery, at this time.

Lastly, to permit time for developing this limited and targeted discovery to create a proper factual record for the Court to adjudicate the Motion to Remand, Defendants seek an extension to respond to Plaintiff's Motion to Remand. If the Parties are granted 60 days for jurisdictional discovery, then Defendants can file a response to the Motion to Remand within 14 days after the close of the jurisdictional discovery. Plaintiff opposes this request despite also asking for discovery in the Motion to Remand. (Filing nos. 8, 9).

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully move for an extension to respond to Plaintiff's Motion to Remand (Filing nos. 8, 9) and move for leave to conduct jurisdictional discovery within a period of 60 days following the Court's order.

Respectfully submitted,

*s/ Anitra R. Clement*
Anitra R. Clement
Florida Bar No. 100354
Attorney for Defendants Uber Technologies, Inc. and Rasier, LLC
**Shook, Hardy & Bacon L.L.P.**
100 North Tampa Street, Suite 2900
Tampa, Florida 33602
Telephone: (813) 202-7100
Fax: (813) 221-8837
Email: aclement@shb.com

Daniel E. Cummings
Bar Number: 26020
Attorney for Defendants Uber Technologies, Inc. and Rasier, LLC
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
Email: decummings@shb.com

**CERTIFICATE OF COMPLIANCE WITH NECivR 7.1(d)(1)**

I certify that this brief complies with NECivR 7.1(d)(1) and contains 1,713 words, as calculated by Microsoft Word. The word count includes all text, including captions, headings, footnotes, quotations and certificates.

*s/ Anitra R. Clement*
Anitra R. Clement

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, I electronically filed the foregoing Defendants Uber Technologies Inc. and Rasier, LLC's Brief in Support of the Motion for Extension of Time to Respond to Motion to Remand and Motion for Leave to Conduct Jurisdictional Discovery with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. Additionally, a copy of Defendants Uber Technologies Inc. and Rasier, LLC's Brief in Support of the Motion for Extension of Time to Respond to Motion to Remand and Motion for Leave to Conduct Jurisdictional Discovery was served on the below party by first-class mail:

Furqat Mukumov
*Last Known Address:*
11738 Burt St., Apt. Y14
Omaha, Nebraska 68154

*Defendant*

*s/ Anitra R. Clement*
Anitra R. Clement